UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HUBERT GUSTAVE,

        Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, HUBERT GUSTAVE, by and through undersigned counsel, and brings this action against the Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, OCWEN was and is a foreign limited liability corporation, incorporated under the laws of the State of Delaware; duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

8. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

9. At some point in time prior to the violations alleged herein, OCWEN was hired to service the subject loan.

10. At all times material hereto, OCWEN, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at *** NE 80th Street, Miami, Florida 33138.

## BACKGROUND AND GENERAL ALLEGATIONS

11. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

12. On or about May 12, 2015, a final judgment of foreclosure was entered against Plaintiff in an action in circuit court, in and for Miami-Dade County, Florida, bearing Case No. 2010-CA-39058, with respect to the property at issue.

13. A sale date of Plaintiff's home was scheduled for August 11, 2015.

14. On May 26, 2015, Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") to fight to save his home.

15. After much discussion, Plaintiff determined his best chances of saving his home would be through a loss mitigation program.

16. Therefore, on May 26, 2015, Loan Lawyers, on behalf of Plaintiff, submitted a loss mitigation package ("LMP") to OCWEN via facsimile and also via email.

17. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), OCWEN was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether OCWEN determined said application to be complete or incomplete. If OCWEN deemed the LMP incomplete, OCWEN was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

18. Because of the upcoming sale date, Plaintiff became anxious about his LMP.

19. Nearly two weeks went by and OCWEN failed to provide a written acknowledgment on the LMP within the mandated timeframe, in violation of 12 C.F.R. § 1024.41(b)(2)(i)(B).

20. As such, on June 8, 2015, Loan Lawyers mailed a letter to OCWEN's counsel stating that Plaintiff deemed the LMP facially complete.

21. A true and correct copy of the letter is attached hereto as Exhibit "A".

22. To date, neither Plaintiff nor Loan Lawyers have heard anything from OCWEN regarding the LMP.

23. To date, OCWEN has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that OCWEN did not written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether OCWEN determined said application to be complete or incomplete.

### COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

24. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23.

25. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

26. Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA

are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

27. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

28. OCWEN has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that OCWEN did not provide a written notice within five (5) business days of receipt of the LMA acknowledging receipt of same and whether OCWEN determined said application to be complete or incomplete.

29. As such, OCWEN has violated 12 U.S.C. § 2605(k)(1)(E).

30. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

31. Plaintiff is entitled to actual damages as a result of Defendant, OCWEN's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: emotional distress, anxiety, and shock as a result of OCWEN's failure to comply with its statutory duties under 12 C.F.R. § 1024.41 in the midst of an impending foreclosure sale scheduled to take place on August 11, 2015; and reasonable attorney's fees incurred as a result of having to correspond numerous times with OCWEN after OCWEN failed to comply with its statutory duties under 12 C.F.R. § 1024.41.

32.     Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of OCWEN's pattern or practice of noncompliance with Regulation X and RESPA.

33.     OCWEN has also failed to comply with Regulation X with respect to loan numbers: ******8039, ******6259, and ******8093

34.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, HUBERT GUSTAVE, respectfully asks this Court to enter an order granting judgment for the following:

(a) That OCWEN be required to provide a written notice in compliance with 12 C.F.R. § 1024.41(b)(2)(i)(B);

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, HUBERT GUSTAVE, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786